LONG ISLAND DAILY PRESS PUBLISHING Co., INC., Respondent, v. JAMAICA LAW PRINTING Co., INC., Defendant, and ADOLPH BRUHN and Another, Individually and as Copartners Doing Business under the Firm Name and Style of BRUHN BROS. and Also under the Firm Name and Style of JAMAICA LAW PRINTING

COMPANY, Appellants.— Plaintiff contracted to sell its job printing business to the individual defendants as copartners doing business under the firm name of Bruhn Bros. and also as Jamaica Law Printing Company. The contract provided for commissions to be paid by them on reorders and business sent them by plaintiff. Thereafter, the Jamaica Law Printing Co., Inc., was formed, and the appellants attempted to sell to it the business of Jamaica Law Printing Company, the corporation assuming all debts and obligations of the company, other than the contract with plaintiff. Plaintiff sues to enjoin the transfer of the assets of the appellants to the Jamaica Law Printing Co., Inc., and for a sum of money claimed to be due under the contract. The appellants counterclaimed for $20,000 damages on the ground of misrepresentations by plaintiff respecting the value of the property purchased and the amount of business previously done. Order of May 24, 1935, modified so as to provide that the motion for examination before trial be granted as to items 1(a) and 1(b) of the order to show cause and that the motion for discovery and inspection be granted. As so modified, the order, so far as appealed from, is affirmed, without costs. The examination and inspection may be had on five days' notice. Order of May 17, 1935, framing issues and directing that the case be placed on the general jury calendar for the trial of such issues, and staying, until the trial of defendants' counterclaim, the trial of the equity issues presented by the complaint and answer, affirmed, in so far as appealed from, without costs. Order of June 20, 1935, denying motion to resettle order of May 17, 1935, by having the case placed on the day jury calendar, thereby giving it a preference, affirmed, without costs. In our opinion, appellants are entitled to a trial of their counterclaim at no earlier date than if they had brought a separate action. Scudder, Tompkins, Davis and Johnston, JJ., concur; Lazansky, P. J., not voting.